The Honorable Jim Lendall State Representative P.O. Box 55555 Little Rock, AR 72225
Dear Representative Lendall:
This is in response to your request for an opinion on several questions concerning the reporting of campaign contributions. Specifically, your questions are as follows:
 1. Does the procedure for becoming nominated by petition as an independent candidate count the same as a primary election for the purposes of campaign contribution limitations? Or the same question restated as:
 2. How are contributions accumulated during the year preceding an election (e.g., 1989, 1991, etc.) to be reported for an independent candidate: as contributions toward the petition effort or as contributions toward the general election?
 3. At what limit ($25 or $100 or $250) should specific information about each contributor be officially reported — in other words, reported as required by the ethics legislation or as required by the campaign finance legislation?
 4. Constituents have offered financial and other assistance in producing a legislative newsletter to be distributed free to my district. The newsletter would be similar to the one enclosed with this request. Under which standard or guidelines would this have to be reported?
It is my opinion, in response to your first and second questions, that if contributions are made to an independent candidate in the year preceding an election, for the purpose of influencing the nomination or election of the candidate, these contributions generally fall within the definition of campaign contributions and must be reported as required by A.C.A. 7-6-207 (Supp. 1987). Section 7-6-201(2)(A) defines contribution as follows:
 (2)(A) "Contribution" means, whether direct or indirect, advances, deposits, or transfers of funds, contracts, or obligations, whether or not legally enforceable, payments, gifts, subscriptions, assessments, payment for services, dues, advancements, forbearance, loans, pledge or promise of money or anything of value, whether or not legally enforceable, to a candidate, committee, or holder of elective office, made for the purpose of influencing the nomination or election of any candidate. (Emphasis added.)
Contributions made toward an independent candidate's petition effort are likely made to influence the candidate's nomination and thus should, as a general matter, be reported as campaign contributions. In each case, however, it must be determined that the contribution was made for this purpose, as this is the pivotal requirement under A.C.A. 7-6-201. It a contribution is not made for the purpose of influencing the candidate's nomination or election, the contribution may be a gift, reportable under Initiated Act 1 of 1988, which is cited as "The Disclosure Act for Lobbyists and Public Officials." This will be a factual issue depending upon the intent of the contributor. Additionally, contributions toward a petition effort, if truly campaign contributions, are subject to the $1,500 limit per contribution as set out in A.C.A. 7-6-203.
In response to your third question (at what limit should specific contributions be reported), please note that I have enclosed copies of Opinion Nos. 89-E-1 and 89-E-2, which address this issue. As stated therein, it is my opinion that if a contribution is a gift, and not a campaign contribution, it should be reported under Initiated Act 1 of 1988 if it exceeds one hundred dollars. (Campaign contributions are excluded from the definition of "gift" in that act. A.C.A. 21-8-402(d)(2)(E).) If the contribution is a "gift" of over one hundred dollars, you must disclose the source of the gift (the individual contributor) under A.C.A. 21-8-701(g).
If the contribution is a campaign contribution, as that term is defined under A.C.A. 7-6-201, information about each contributor of over two hundred and fifty dollars ($250.00) must be reported under A.C.A. 7-6-207 (b)(1) (Supp. 1987). That statute requires a report of the total amount of ALL contributions received in any filing period, but only requires specific information about individual contributors if the contribution is over two hundred and fifty dollars.
In response to your fourth question (how to report financial and other assistance given to help produce a newsletter), it is my opinion that, again, this question will depend upon the intent of the contributor. If the financial assistance is offered as a "gift" to help produce the newsletter, it may well be that these contributions are reportable, if over one hundred dollars, under Initiated Act 1 of 1988. If, however, the contribution is made toward production of the newsletter in the hope that the newsletter will influence your nomination or election, it may be a campaign contribution.
The issue of whether these contributions are "gifts" or "campaign contributions" may also depend upon additional factual matters (other than the intent of the contributor), namely the content of the newsletter, and your interest in publishing it. If the content of the newsletter reflects material which would constitute "campaigning," it is possible that contributions received to support it would be deemed or presumed as campaign contributions. If, however, the newsletter is published merely as informational material for constituents, the contributions received to support it may well be "gifts." If a newsletter is published containing what is arguably campaign material in close proximity to an election, this would, in my opinion, be a factor in deciding whether contributions to support the newsletter are campaign contributions.
It is thus apparent that all of the surrounding facts and circumstances must be considered in determining whether any particular newsletter would constitute campaigning. This type of inquiry is not properly within the scope of an Attorney General opinion. We hope, however, that the foregoing offers general guidance in addressing your particular situation.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
NOTE: Opinions 89-E-1 and 89-E-2 are in this same file in the "system."